UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA LEANOS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-CV-01467-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant Cynthia Leanos seeks judicial review of a denial by the Social Security Administration ("SSA") of her application for disability insurance benefits and supplemental security income.[1] ECF No. 12. She alleges that: (1) the SSA Administrative Law Judge ("ALJ") erred in his initial, threshold assessment of the severity of claimant's carpal tunnel syndrome; (2) the SSA erred by failing to weigh a medical opinion submitted to the Appeals Council ("AC"); and (3) the ALJ erred by failing to consider properly the opinion of a consultative physician, Dr. Cohn. We heard argument from the parties on October 10, 2019. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, we will remand this matter for further consideration by the ALJ.

Claimant argues that the ALJ erred in setting aside her carpal tunnel syndrome at what is

---

[1] The parties have consented to entry of final judgment by a U.S. Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit.

1

known as "Step 2" of the five-step disability-determining process—a threshold step at which the ALJ determines whether an impairment is "severe." Step 2 "is a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal quotation omitted). "An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* at 686. This is a low threshold.

The ALJ recognized that claimant had been diagnosed with carpal tunnel syndrome. AR 103. However, the ALJ found that claimant's carpal tunnel syndrome was not severe because claimant did not have a supporting electromyogram/nerve conduction and had not been diagnosed for more than twelve months. *Id.* The ALJ's determination that claimant's carpal tunnel syndrome was not severe was legally erroneous. Claimant was diagnosed and prescribed treatment based upon other medically acceptable clinical diagnostic techniques. *See* 20 C.F.R. § 404.1502; AR 507, 514, 524. Further, the claimant's diagnosis need not be more than a year old if it was a condition that can be expected to last a year. 20 C.F.R. § 404.1509. The ALJ did not discuss whether claimant's impairment could be expected to last and evaluated the durational requirement using an incorrect date for diagnosis. *See* AR 103. Claimant's carpal tunnel syndrome should have passed the low threshold at Step 2.

Even so, SSA argues that the ALJ's error, if any, is harmless. When an ALJ finds at least one severe impairment and proceeds with the evaluation, there is no reversible error for a failure to find additional severe impairments at step two. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). In *Lewis*, the ALJ did not count claimant's bursitis as a severe impairment at step two but considered the limitations imposed by bursitis at step four. *Id.* The court found this analysis to be sufficient under the substantial evidence standard and stated that if there were any error, that error would be harmless. *Id.* In our case, however, the ALJ did not consider claimant's carpal tunnel syndrome when evaluating claimant's residual functional capacity. *See* AR 105-108. Thus, the ALJ's subsequent analysis did not render his error harmless.

We need not reach the other issues raised by claimant. For the reasons stated in this opinion, we remand this case for further consideration by SSA. The clerk of court is directed

(1) to enter judgment in favor of claimant Cynthia Leanos and against defendant Commissioner of Social Security, and (2) to close this case.

IT IS SO ORDERED.

Dated:  March 14, 2020                              _____
                                                    UNITED STATES MAGISTRATE JUDGE

No. 204.